No. 14-20019

*In The*

# United States Court of Appeals

*for the*

# Fifth Circuit

———————◆———————

ROGER LAW,

*Plaintiff-Appellant,*

v.

OCWEN LOAN SERVICING, L.L.C.,

*Defendant-Appellee.*

———————————————

*Appeal from an Order entered from the*
*United States District Court for the Southern District of Texas, Houston*

## BRIEF FOR PLAINTIFF-APPELLANT

LaToya P. Jarrett, Esq.
jarrett.latoyap@gmail.com
Jarrett Law Group
1406 Southmore Boulevard
Houston, Texas 77004
(713) 520-8484

*Attorney for Plaintiff-Appellant,*
*Roger Law*

COUNSEL PRESS • (888) 700-3226

## CERTIFICATE OF INTERESTED PERSONS

_____

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an

interest in the outcome of this case. These representations are made in order that

the judges of this Court may evaluate possible disqualification or recusal.

Roger Law, Appellant

Respectfully submitted,

s/ LaToya P. Jarrett, Esquire
LaToya P. Jarrett, Esquire
Attorney for Roger Law, Appellant

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES.............................................................1

STATEMENT OF THE CASE................................................................2

SUMMARY OF ARGUMENT ...............................................................12

STANDARD OF REVIEW ...................................................................12

ARGUMENT ...................................................................................13

I.     THE JUDGMENT APPEALED FROM SHOULD BE REVERSED
       BECAUSE LAW HAS ALLEGED FACIALLY PLAUSIBLE
       CLAIMS ...............................................................................13

       A.     Law Has Alleged A Facially Plausible Claim That Ocwen
              Violated The Texas Property Code .....................................14

       B.     Law Has Alleged A Facially Plausible Breach Of Contract Claim
              Against Ocwen ..............................................................15

       C.     Law Has Alleged A Facially Plausible Claim That Ocwen
              Violated RESPA..............................................................20

       D.     Law Has Alleged A Facially Plausible Negligence Claim Against
              Ocwen Because He Suffered More Than Mere Economic
              Damages ......................................................................21

       E.     Law Should Be Granted Leave To Amend To Address Any
              Perceived Deficiencies In His Pleading ...............................22

CONCLUSION ................................................................................................23

STATEMENT REGARDING ORAL ARGUMENT ............................................24

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE AND FILING

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aguiar v. Segal*,
    167 S.W.3d 443 (Tex. App.--Houston [14th Dist.] 2005)..................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................13

*Baker v. Countrywide Home Loans, Inc.*,
    2009 U.S. Dist. LEXIS 53704 (N.D. Tex. June 24, 2009)..............................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................13, 14

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) .........................................................................13

*Dewayne Rogers Logging, Inc. v. Propac Indus., LTD*,
    299 S.W.3d 374 (Tex.App.[12th Dist.] 2009) ................................................21

*Fin. Acquisition Partners LP v. Blackwell*,
    440 F.3d 278 (5th Cir. 2006) ...........................................................................22

*Lavigne v. Holder*,
    186 S.W.3d 625 (Tex. App. Fort Worth 2006)................................................22

*Mullins v. TestAmerica Inc.*,
    564 F.3d 386 (5th Cir. 2009) ...........................................................................15

*N. Cypress Med. Ctr. Operating Co. v. St. Laurent*,
    296 S.W.3d 171 (Tex. App. Houston 14th Dist. 2009) ....................................22

*Riley v. Mabry*,
    379 Fed. Appx. 335 (5th Cir. 2010)......................................................15, 16, 22

*Sherman v. Hallbauer*,
    455 F.2d 1236 (5th Cir. 1972) .............................................................15, 16, 22

*Sterling Chems., Inc. v. Texaco, Inc.*,
    259 S.W.3d 793 (Tex. App.--Houston [1st Dist.] 2007) ...................................21

*Stover v. Hattiesburg Pub. Sch. Dist.*,
   549 F.3d 985 (5th Cir. 2008) ................................................................15, 16, 22

*Sullivan v. Leor Energy LLC*,
   600 F.3d 542 (5th Cir. 2010) ..............................................................19

*Toy v. Holder*,
   714 F.3d 881 (5th Cir. 2013) ..................................................................12, 13

## Statutes and Other Authorities

12 U.S.C. § 2601-2617 ............................................................................20

12 U.S.C. § 2605(e) ................................................................................20

12 U.S.C. § 2605(e)(1)(B) .......................................................................20

12 U.S.C. § 2605(f)..................................................................................20

12 U.S.C. § 5219......................................................................................18

12 U.S.C. § 5219a....................................................................................18

12 U.S.C. § 5220......................................................................................18

28 U.S.C. § 1291 .......................................................................................1

28 U.S.C. § 1332.......................................................................................1

24 C.F.R. § 203.501 ................................................................................18

24 C.F.R. § 203.604(b) ...........................................................................18

24 C.F.R. § 203.604(e)(2) .......................................................................18

24 C.F.R. § 203.605 ................................................................................18

24 C.F.R. § 3500.21 ................................................................................20

Fed. R. Civ. Proc. 8(a)(2)........................................................................13

Fed. R. Civ. Proc. 12(b)(6) ...............................................................*passim*

Fed. R. Civ. Proc. 15...............................................................................15

Fed. R. Civ. Proc. 60(b) ............................................................................2

Texas Property Code § 51.002 .................................................................................14

Texas Property Code § 51.002(b)(3) .......................................................................14

Texas Property Code § 51.002(d) .....................................................................10, 14

# JURISDICTIONAL STATEMENT

The district court had jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity existed between the parties and the amount in controversy exceeded $75,000.00.  (ROA.4).  This Court has jurisdiction over this appeal from final judgment of dismissal by a district court under 28 U.S.C. § 1291. (ROA.395; ROA.406).

# STATEMENT OF THE ISSUES

I.    Whether the district court improperly granted Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6) when, viewing the facts in a light most favorable to the Plaintiff and accepting as true the allegations in the Complaint, Plaintiff has stated a viable cause of action.

Suggested Answer:      Yes.

## **STATEMENT OF THE CASE**

Plaintiff Roger Law ("Law") commenced this action against Defendant Ocwen Loan Servicing, LLC ("Ocwen") in the District Court of Fort Bend County, Texas on April 30, 2012 by filing his Original Petition and Application for Injunctive Relief.  (ROA.16-31; ROA.73-79; ROA.116-131; ROA.173-179).  Law obtained an ex parte temporary restraining order ("TRO") against Ocwen on May 1, 2012.  (ROA.86-87; ROA.186-187).  The TRO was extended.  (ROA.91-94; ROA.191-194).

Ocwen removed the action to the District Court for the Southern District of Texas, Houston Division, on July 25, 2013.  (ROA.4).  The following day, Ocwen filed an amended Notice of Removal correcting a misidentification of the Defendant in the original Notice.  (ROA.104).

Ocwen filed a pre-answer Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) on August 1, 2013.  (ROA.234).  That motion was granted as unopposed because Law's counsel did not receive notice of the motion in time to respond.  (ROA.301; ROA.302-303).  Law filed a Fed. R. Civ. Proc. 60(b) motion to be relieved of the order granting the motion to dismiss.  (ROA.302).  Law also sought a TRO in the district court.  (ROA.354; ROA.381; ROA.388).  The district court granted the Rule 60(b) motion, vacated its prior order dismissing the case, and permitted Law to file opposition to the motion to dismiss.  (ROA.356).

Law filed his opposition on September 27, 2013. (ROA.356). Ocwen replied on October 11, 2013. (ROA.375). It also opposed the TRO request. (ROA.390; ROA.394).

The district court granted the motion to dismiss and denied the TRO request as moot. (ROA.395; ROA.406). Law timely appealed. (ROA.396; ROA.401; ROA.403).

STATEMENT OF THE FACTS

Law provides the following summary of the relevant facts. Under the applicable standard of review on a motion to dismiss, Law's allegations are deemed true and his pleading is liberally construed in a light most favorable to him.

On September 29, 2005, Law entered into a contract to purchase a house and lot located at 4115 Woodlake Lane, Missouri City, Texas 77459 for $356,100.00 ("the Subject Property"). (ROA.18; ROA.118). The purchase was financed through an "80/20 loan," with $284,800.00 (80%) financed through an adjustable rate note ("ARN") of 7.6% due to expire on October 6, 2007 and $71,300.00 (20%) at $598.36 per month at a fixed rate of 9.99% with a balloon payment due in October 2010. (ROA.18; ROA.118). From November 2007 through September 2010, Law timely made his payments, including the increases caused by the escalations in the ARN. (ROA.18; ROA.118).

However, during late 2010, Law contacted Ocwen (which had become his mortgage servicer) to discuss loan workout alternatives because he could no longer afford the ARN payments. (ROA.18; ROA.118). Law retained a private modification firm and subsequently entered into a modification agreement with Ocwen in early 2011. (ROA.18; ROA.32-38; ROA.118, ROA.132-138). Law made all of the required monthly payments under this agreement, but Ocwen nevertheless proceeded to foreclose on the Subject Property in June 2011. (ROA.19; ROA.119). As discussed below, it appears that Ocwen omitted the 20% loan from this modification agreement.

Law retained counsel to resist the wrongful foreclosure. (ROA.19; ROA.119). Law and his counsel investigated the matter, and Ocwen rescinded the wrongful foreclosure. (ROA.19, ROA.39-56; ROA.119, ROA.139-156). The investigation revealed that Ocwen had failed to account for all of the payments made pursuant to the executed loan modification on the 80% loan and failed to include the 20% loan in the modification agreement. (ROA.73-74). Law and his counsel renewed requests to Ocwen to review the high escalation charges in Law's escrow account and the omission of the 20% loan from the modification agreement. (ROA.19; ROA.73-74; ROA.119). Law's counsel repeatedly contacted Ocwen's loss mitigation department to review these issues, but Ocwen

was non-responsive. (ROA.19, 57; ROA.58-60, ROA.73-74; ROA.119, 157; ROA.158-160, ROA.173-174).

Because of Ocwen's dilatory tactics, Law's counsel sent Ocwen a Notice of Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA") and a Dispute and Validation of Debt Letter on January 24, 2012. (ROA.19; ROA.61-71, ROA.73-74; ROA.119; ROA.161-171). Ocwen failed to adequately respond, ignoring Law's requests and refusing to send anything but a current payment history on both loans. (ROA.20; ROA.73-74; ROA.120; ROA.173-174). Law and his counsel continued to try to finalize a complete modification agreement with Ocwen to settle the parties' disputes and avoid foreclosure. (ROA.20; ROA.72-74; ROA.120; ROA.172-174).

Nevertheless, and without any resolution of the parties' issues or response regarding the validation of the alleged debt, Ocwen reposted the Subject Property for May 1, 2012 and purported to accelerate both loans. (ROA.20-21; ROA.120-121).

Law commenced this action against Ocwen based upon the misconduct described above. (ROA.16-31; ROA.73-79; ROA.116-131; ROA.173-179). Law obtained an ex parte temporary restraining order ("TRO") stopping the pending foreclosure. (ROA.86-87; ROA.186-187). The TRO was extended. (ROA.91-94; ROA.191-194). Law alleged that Ocwen had failed to follow the Deed of Trust's

terms regarding the assignment of the mortgagee and/or mortgage servicer in handling Law's notes. (ROA.20; ROA.120). He further alleged that Ocwen's misconduct violated the Making Home Affordable Program ("HAMP") under the Emergency Economic Stabilization Act of 2008 ("EESA"). (ROA.20; ROA.120). As a subscriber institution and beneficiary of this legislation, Ocwen's failure to finalize the modification has been the direct cause of any default. (ROA.20; ROA.120).

Law asserted four causes of action: (1) breach of contract; (2) violation of the Texas Property Code; (3) violation of the Texas Debt Collection Act ("TDCA"); and (4) negligence. (ROA.21-25; ROA.121-125). He contended that Ocwen breached the deed of trust's terms, as well as breached its duty under HAMP and the EESA to review and process all applications in a fair and objective manner. (ROA.21-23; ROA.121-123). Law had successfully completed the financial documentation and was approved for a loan modification. (ROA.21-23; ROA.121-123). Law also made all payments required under the executed modification. (ROA.21-23; ROA.121-123). It was Ocwen's omissions and failures to account for the payments and inclusion of the 20% loan in the modification agreement that has placed Law's home in jeopardy. (ROA.21-23; ROA.121-123). Ocwen also breached its obligation as Law's servicer by failing to stop all debt collection efforts, including foreclosures, until Law's complaints

challenging the debt (e.g., the servicing per the escrow account and the HAMP application) were properly addressed. (ROA.21-23; ROA.121-123). Law met all of his obligations to complete the HAMP application and secure a modification. (ROA.21-23; ROA.121-123).

Ocwen also failed to comply with HUD regulations outlining the procedures that must be followed prior to accelerating and foreclosing a loan subject to the FHA. (ROA.21-23; ROA.121-123). The Note and Deed of Trust provide that acceleration and foreclosure on Law's loan are subject to limitations the regulations promulgated by the HUD secretary. (ROA.21-23; ROA.121-123). Ocwen was required to make reasonable efforts to mediate the alleged default through a face-to-face meeting with Law, to inform Law of any assistance options, and to conduct a loss mitigation evaluation before accelerating the loan and proceeding with foreclosure. (ROA.21-23; ROA.121-123). Ocwen took none of these required steps. (ROA.21-23; ROA.121-123). Ocwen also breached the terms of the February 2011 modification agreement as well. (ROA.21-23; ROA.121-123).

Ocwen also violated the Texas Property Code by failing to resolve Law's protests concerning the handling of his Notes and the executed loan modification prior to posting his home for sale. (ROA.23; ROA.123). In addition, it violated the TDCA by harassing Law and subjecting him to emotional distress while

7

attempting to collect on his debt. (ROA.23; ROA.123-124). Specifically, Ocwen failed to reply to Law's attempts to cure any escrow deficiencies and to resolve the dispute concerning the inclusion of the 20% loan in the executed modification agreement. (ROA.23-24; ROA.123-124).

Ocwen was also negligent in failing to follow the applicable HUD regulations, and by failing to adhere to RESPA's notice requirements and by compromising Law's legal rights in transferring the mortgage to Ocwen. (ROA.24-25; ROA.124-125). Law also sought injunctive relief to stop the pending foreclosure and to compel Ocwen to properly respond to Law's disputes and his QWR. (ROA.25-29; ROA.125-129).

After removing the action to federal court, Ocwen filed a Rule 12(b)(6) motion to dismiss. (ROA.234). Ocwen claimed that Law failed to allege any damages under RESPA, so its improper response to the QWR is irrelevant. (ROA.236-237). It also claimed that it had no obligation to provide notice of the transfer, sale, or assignment of the Note because RESPA only requires notice for a change in servicing the Note, and that Law had no standing to challenge any assignment of the Note because he was not a party to the transaction. (ROA.237-238).

Ocwen claimed that Law could not assert a breach of contract claim because he had not tendered performance under the executed modification agreement.

(ROA.238). In making this assertion, Ocwen refuted Law's allegation that he had in fact done so, claiming them to be too vague. (ROA.238).

Ocwen also claimed that any alleged agreement not to foreclose was barred by the statute of frauds, and that Law failed to accept the proposed loan modification, when in fact, Law refused to accept a loan modification that over stated the value of his property (ROA.239-240). According to Ocwen, there was never an executed modification agreement for it to breach. (ROA.239-240). Ocwen also contended that Law could not assert a private cause of action based upon the HUD regulations because they were not expressly incorporated into the Deed of Trust, and that no private right of action exists under HAMP. (ROA.241-242).

Ocwen also contended that Law failed to state a claim under the Texas Property Code or the TDCA. (ROA.242-245). It claimed that Law's pleading was not sufficiently detailed on the Texas Property Code claim, and that it is not a "debt collector" within the meaning of the TDCA. (ROA.242-245). It further claimed that the economic loss doctrine barred Law's negligence claim. (ROA.245). Lastly, Ocwen asserted that no injunctive relief was warranted. (ROA.246).

After his initial default was set aside, Law opposed the motion. (ROA.357). Law noted that Ocwen was inappropriately attempting to address the merits of the

claims on a motion to dismiss, and that the Petition was more than sufficient to meet Rule 8's low threshold. (ROA.359-362). He explained that his Texas Property Code claim was well-pled because he had alleged Ocwen's failure to comply with the statutory requirements stated in Texas Property Code § 51.002(d), which stripped Law of his right to cure as specified in the statute. (ROA.362-364). Law explained that Ocwen acted in direct contravention of his mortgage and Deed of Trust by failing to explain how it applied his mortgage payments versus interest and fees, and by failing to provide a proper loss mitigation process. (ROA.364).

Law also demonstrated that his RESPA claim was well pled. (ROA.364-366). He explained that Ocwen was required to reply to his QWR, and that his correspondence met the requirements for a QWR. (ROA.364-366). He was damaged by this RESPA violation in that he was prevented from receiving the requested information and he was inhibited and ultimately precluded in his attempts to secure a loan modification. (ROA.364-366). Law also explained that the economic loss rule did not bar his negligence claim because his injuries included violation of his statutory rights, credit repair, harm to his credit score, loss of use and control of property, which were more than mere economic loss. (ROA.366-367). Lastly, Law explained that he had sufficiently pled a claim for injunctive relief. (ROA.367-369).

Ocwen replied to the opposition, accusing Law of asserting new allegations for the first time in his opposition. (ROA.375). The remainder of the reply simply reiterated Ocwen's prior contentions. (ROA.375).

Law also filed a TRO application in the district court, seeking to prevent Ocwen from taking any action concerning the Subject Property during the pendency of this litigation. (ROA.381). Ocwen opposed, restating its prior opposition to the request for injunctive relief in its motion to dismiss. (ROA.390).

The district court granted the motion to dismiss, with prejudice, and denied the TRO request as moot. (ROA.395; ROA.406). Law timely appealed. (ROA.396; ROA.401).

## SUMMARY OF THE ARGUMENT

The judgment appealed from should be reversed, and Law's claims reinstated, for several reasons.

For these reasons, and those detailed below, the judgment appealed from should be reversed, and Law's claims reinstated.

## STANDARD OF REVIEW

This Court reviews a Rule 12(b)(6) dismissal *de novo*. *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013)

## **ARGUMENT**

### I.    THE JUDGMENT APPEALED FROM SHOULD BE REVERSED BECAUSE LAW HAS ALLEGED FACIALLY PLAUSIBLE CLAIMS.

When considering a Fed. R. Civ. Proc. 12(b)(6) motion to dismiss, the Court accepts as true all well-pled allegations in the complaint, and must view those facts in a light most favorable to the plaintiff.  *Toy*, 714 F.3d at 882-883.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. at 883, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  While not akin to a "probability requirement," this standard asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Motions to dismiss are viewed with disfavor and rarely granted.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Under Fed. R. Civ. Proc. 8(a)(2), a complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*.  Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned claim of harm.  *Twombly,* 550 U.S. at 555.  A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action will not do." *Id*. Nor will "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Applying these principles here, the order appealed from should be reversed. As discussed below, accepting Law's allegations as true and viewing the facts in a light most favorable to him, he has stated plausible claims.

### A.     Law Has Alleged A Facially Plausible Claim That Ocwen Violated The Texas Property Code.

Texas Property Code § 51.002 imposes specific notice requirements on a party seeking to foreclose property under a power of sale conferred by a deed of trust. One of those requirements is that the mortgagee must give the debtor at least 20 days to cure any default before a notice of sale may be given. Texas Property Code § 51.002(d). Another is that at least 21 days notice of the sale by certified mail must be sent to the homeowner. Texas Property Code § 51.002(b)(3).

Here, Law alleged that the purported notice of sale issued in this case was premature. (ROA.23; ROA.123). He further alleged that Ocwen failed to comply with the express terms of the Deed of Trust and the Texas Property Code by failing to respond to his request for loss mitigation and by posting the home for sale before resolving those disputes. (ROA.23; ROA.123). In addition, Law amplified his pleading in response to the motion to dismiss by explaining that Ocwen sent the notice of default and the notice of sale simultaneously, a clear violation of § 51.002 that deprived Law of his right to cure. (ROA.363). While Ocwen claims that Law

should not be allowed to make this claim, it does not deny that it mailed the notices simultaneously, nor does it submit proof of proper services of the notices. Moreover, it is this Court's policy to construe claims raised for the first time in response to a dispositive motion as a request for leave to amend under Fed. R. Civ. Proc. 15. *Riley v. Mabry*, 379 Fed. Appx. 335, 341 (5th Cir. 2010); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). Where, as here, the district court does not do so, this Court will reverse and remand for consideration of whether amendment is appropriate. *Id.* This case is relatively new (only approximately 20 docket entries), and Law has not already amended multiple times. Amendment is therefore appropriate here.

Accordingly, accepting Law's allegations as true and viewing the facts in a light most favorable to him, Law has stated a plausible claim under the Texas Property Code. The order appealed form should be reversed.

## B.   Law Has Alleged A Facially Plausible Breach Of Contract Claim Against Ocwen.

Under Texas law, a breach of contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages. *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 418 (5th Cir. 2009), *citing Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005). Here, Law alleges several plausible

15

claims for breach of contract: (1) the failure to follow HAMP's requirements that Ocwen review and process all modification applications in a fair and objective fashion; (2) not adhering to the terms of the agreement to stop all debt collection efforts until Law's complaints challenging the debt were resolved; (3) failure to follow the applicable HUD regulations prior to foreclosure; (4) breaching the terms of the February 2011 modification agreement; (5) failure to respond with a clear explanation of how Law's mortgage payments were applied; and (6) failing to provide a proper loss mitigation process.  (ROA.21-23; ROA.121-123; ROA.364). Again, to the extent that Ocwen claims that any of these allegations were raised for the first time in opposition to the motion to dismiss, they should be treated as a request for leave to amend.  *Riley*, 379 Fed. Appx. at 341; *Stover*, 549 F.3d at 989; *Sherman*, 455 F.2d at 1242.

Ocwen's claim that Law cannot maintain a contract claim because he is in default ignores reality.  By their very nature, the contract provisions at issue are only implicated when the borrower is in default.  The parties expressly contemplate that those contract provisions will not be implicated unless and until the borrower is in breach.  Under this myopic reasoning, the contract provisions requiring the lender or its successor in interest to employ certain process and procedures in foreclosing are rendered meaningless, because the defaulting homeowner would never be allowed to enforce them.  The bank would be free to do whatever it

pleases in contravention of the contract because the buyer was behind on his payments. Ocwen cannot commence to foreclose under the deed of trust unless Law is behind on his mortgage payments. It should not be allowed to claim that it is not obligated to follow their agreement for just such a contingency because he did not make the required payments. In addition, Law did everything that he was required to do to secure the HAMP modification, but Ocwen suddenly unilaterally stopped responding to inquiries or discussing the status of the Subject Property.

Here, at least one of the deeds of trust at issue had virtually identical requirements as those stated in the Texas Property Code. (ROA.261). Law has already established above that he has stated a plausible claim for violation of the Texas Property Code. Accordingly, he has also stated a claim for breach of these contractual provisions.

In addition, at least one of the deeds of trust purports to incorporate federal law:

> **13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence <u>shall not limit the applicability of federal law to this Deed of Trust</u>…

(ROA.260-261) (bold in original, underlined added). These terms expressly acknowledge that the parties are contractually obligated to comply with any applicable state or federal law. Here, HAMP and the HUD regulations are applicable federal laws. Thus, Ocwen was required to make reasonable efforts to

mediate the alleged default through a face-to-face meeting. 24 C.F.R. §
203.604(b). It was also required to inform Law of any assistance options and to
conduct a loss mitigation evaluation before accelerating the loan and proceeding
with the foreclosure. 24 C.F.R. §§ 203.604(e)(2); 203.605; 203.501. It failed to
follow these steps here. Where, as here, applicable federal regulations have been
incorporated into the contract, they are actionable under a breach of contract claim.
*Baker v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 53704, 14-16
(N.D. Tex. June 24, 2009).

Similarly, the language discussed above incorporated HAMP into the
parties' agreement because HAMP is an applicable federal law. HAMP requires
participating lenders like Ocwen to engage in foreclosure mitigation efforts in good
faith to avoid foreclosures when possible. *See, e.g.,* 12 U.S.C. §§ 5219, 5219a, and
5220. Here, Law has alleged that Ocwen failed to honor these obligations and
failed to provide a proper loss mitigation process. Accordingly, he has stated a
breach of contract claim based on this incorporated federal law.

Law has also plausibly alleged that Ocwen breached the February 2011 loan
modification agreement. Ocwen's claim that the agreement was accepted too late
is belied by the record, as Ocwen treated the agreement as accepted and waived
any late acceptance in that it never returned Law's payments thereunder or
otherwise treated the agreement as withdrawn prior to acceptance. Ocwen's

acceptance of Law's performance of the loan modification agreement within days of the stated deadline and his payments of the amounts expressly called for under the agreement precludes Ocwen from invoking the statute of frauds as a defense. *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 548-549 (5th Cir. 2010) (partial performance removes an agreement from the statute of frauds where the performance is unequivocally referable to the agreement and corroborative of the fact that the contract was made and denial of performance would amount to a fraud). Here, the facts conclusively establish that Law's performance was unequivocally referable to the loan modification agreement, and denial of performance would amount to a fraud because Ocwen did not return its payments as the contract required if it was not accepted. (ROA.32). Accordingly, Law has stated plausible claims that Ocwen breached the terms of its agreement to cease all debt collection efforts until his complaints challenging the debt were resolved, breached the loan modification agreement by its errors and omissions in processing and accounting for Law's payments, and failing to respond to Law's requests for an explanation of how his payments were applied.

In sum, Law has alleged a plausible claim for breach of contract. To the extent that this Court deems that he has not, amendment is appropriate, as discussed above. Therefore, the order appealed from should be reversed.

**C.     Law Has Alleged A Facially Plausible Claim That Ocwen Violated RESPA.**

Law has also stated a facially plausible RESPA claim.  RESPA, 12 U.S.C. § 2601-2617, and the regulations enacted thereunder, apply here.  Accordingly, Ocwen was required by law to provide disclosure statements, information about servicing procedures, transfer practices, and complaint resolution.  24 C.F.R. § 3500.21.  In order to protect consumers like Law, loan servicers must provide a disclosure statement, information about servicing procedures, transfer practices, and complaint resolution, 15 days proper notification when the loan servicing is going to be sold, and grant a grace period during the transfer of the loan servicing.  *Id*.  More specifically, they must also disclose to borrowers a contact for complaints about the service of their mortgage.  *Id*.

In addition, 12 U.S.C. § 2605(e) requires Ocwen to respond to QWRs.  Law's correspondence to Ocwen indisputably qualifies as a QWR.  12 U.S.C. § 2605(e)(1)(B).  Law's claim was not time barred because he began experiencing the dilatory tactics in handling his loan modification application in 2011.  It is undisputed that Ocwen did not respond to Law's QWR as required by RESPA.  Law indisputably has a private right of action under RESPA.  12 U.S.C. § 2605(f).  Accordingly, Law has alleged a facially plausible claim under RESPA.

The contention that Law suffered no damages from Ocwen's flagrant violation of RESPA is preposterous.  Law's injuries and damages include violation

20

of statutory rights (i.e. HUD, RESPA, Texas Property Code), loss of use and control of unique and irreplaceable real property, and damages to his credit, and much more.  Law was also disadvantaged in his dealings with Ocwen to cure any perceived default, address Ocwen's errors in applying his mortgage payments, and disadvantaged in trying to secure a loan modification as a result of Ocwen's misconduct.

In addition, the deed of trust language discussed in Point I.C. above would also incorporate the applicable federal RESPA law into the parties' agreement. Accordingly, it is submitted that Law has also stated a plausible breach of contract agreement for Ocwen's RESPA violations as well.

### D.    Law Has Alleged A Facially Plausible Negligence Claim Against Ocwen Because He Suffered More Than Mere Economic Damages.

The contention that Law's negligence claim cannot withstand the economic loss rule is incorrect.  Under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.  *Dewayne Rogers Logging, Inc. v. Propac Indus., LTD*, 299 S.W.3d 374, 382-83 (Tex.App.[12th Dist.] 2009) (*citing Sterling Chems., Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796 (Tex. App.--Houston [1st Dist.] 2007).  Under Texas law, mere money damages – or economic loss – are generally inadequate to compensate an injured party for the loss of unique or irreplaceable

property. *N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 175 (Tex. App. Houston 14th Dist. 2009). "Moreover, every piece of real estate is unique, and foreclosure can be an irreparable injury for which there is no adequate remedy at law." *Lavigne v. Holder*, 186 S.W.3d 625, 629 (Tex. App. Fort Worth 2006).

Here, Law's injuries and damages include violation of statutory rights (i.e. HUD, RESPA, Texas Property Code), loss of use and control of unique and irreplaceable real property, and damages to his credit, much more than only economic loss. Thus, his injuries are distinct, separate, and independent from the economic losses recoverable under a breach of contract claim. Accordingly, his negligence claim is not barred by the economic loss rule.

### E. Law Should Be Granted Leave To Amend To Address Any Perceived Deficiencies In His Pleading.

To the extent that this Court concludes that Law's pleading is deficient, he should be granted leave to amend. Leave to amend is freely granted where justice requires it. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). As discussed above, this Court liberally allows amendment, treating claims raised for the first time in response to a dispositive motion as a request for leave to amend. *Riley*, 379 Fed. Appx. at 341; *Stover*, 549 F.3d at 989; *Sherman*, 455 F.2d at 1242. This is not a case where Law has already attempted multiple amendments. Accordingly, justice requires that he be given a chance to remedy

any perceived defects in his pleading before his claims are dismissed with prejudice.

## **CONCLUSION**

For the reasons stated above, the judgment appealed from should be reversed, and Law's claims reinstated, together with such other and further relief to Law as this Court deems just and proper. In the alternative, the order appealed from should be reversed, and Law granted leave to amend, together with such other and further relief to Law as this Court deems just and proper.

Dated:     May 8, 2014

<div style="margin-left:40%;">

Respectfully Submitted,

SHACKELFORD & ASSOCIATES, L.L.C.

By: _____ */s/ LaToya P. Jarrett* _____
LaToya P. Jarrett (Fed Id.#1733798)
Texas Bar No. 24073021
1406 Southmore Boulevard
Houston, TX 77004
Phone:      (713) 520-8484
Facsimile:  (713) 520-8192
Email:      jarrett.latoyap@gmail.com

</div>

## STATEMENT REGARDING ORAL ARGUMENT

It is respectfully submitted that oral argument would be helpful in this case. The case is very factually nuanced and involves complex analysis in order to be completely articulated and understood. To date, Ocwen has been able to obfuscate the facts and avoid any scrutiny of the documents or its actions in this matter. Oral argument will permit the panel the opportunity to explore these issues more thoroughly and ensure that both sides' positions have been fully articulated.

## CERTIFICATE OF COMPLIANCE

This brief has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word.  Excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), this brief contains 4,779 words.

SHACKELFORD & ASSOCIATES, L.L.C.

By: _____ */s/ LaToya P. Jarrett* _____
        LaToya P. Jarrett (Fed Id.#1733798)
        Texas Bar No. 24073021
        1406 Southmore Boulevard
        Houston, TX 77004
        Phone:    (713) 520-8484
        Facsimile:  (713) 520-8192
        Email:    jarrett.latoyap@gmail.com

<u>CERTIFICATE OF FILING AND SERVICE</u>

I, Robyn Cocho, hereby certify pursuant to Fed. R. App. P. 25(d) that, on

May 8, 2014, the foregoing Brief for Plaintiff-Appellant was filed through the

CM/ECF system and served electronically on the individual listed below:

<div align="center">

Mark Douglas Cronenwett
mcronenwett@mwzmlaw.com
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway
Pacific Center 1, Suite 900
Dallas, TX 75254
(214) 635-2650

</div>

The required copies will be forwarded to the court upon approval.


<u>/s/ Robyn Cocho</u>
Robyn Cocho